UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE MANNING,

    Petitioner,                                   Hon. Janet T. Neff

v.                                                      Case No. 1:13-CV-1362

THOMAS MACKIE,

    Respondent.
_____/

## OPINION

This matter is before the Court on Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance. (ECF No. 7). As discussed herein, Petitioner's motion is **granted**.

On or about May 26, 2010, Petitioner was convicted of one count of first degree criminal sexual conduct. (ECF No. 1). Petitioner unsuccessfully challenged his conviction in state court. Petitioner filed the present petition asserting several claims which he asserts are properly exhausted. Petitioner now requests that the Court stay the present action so that he can return to state court to exhaust additional claims that he was unable to previously assert due to the allegedly ineffective assistance of his attorney.

While the Court *may* stay a habeas action to permit a petitioner the opportunity to return to state court to properly exhaust a claim, the Supreme Court has warned that such "should be available only in limited circumstances" so as to not undermine the goals of the AEDPA. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Accordingly, granting a request for a stay in such circumstances should be granted only where: (1) Petitioner has demonstrated good cause for his failure to exhaust the claim(s) at issue; (2) the unexhausted claims are potentially meritorious; and (3) Petitioner has not engaged in

intentionally dilatory litigation tactics. *Id.* at 278; *see also*, *Wiedbrauk v. LaVigne*, 174 Fed. Appx. 993, 999 (6th Cir., May 17, 2006). Petitioner has made the requisite showing. Accordingly, the Court hereby **grants** Petitioner's motion to stay the present matter to permit him an opportunity to return to state court to properly exhaust the claims in question, **provided that Petitioner complies with the instructions detailed below**.

## CONCLUSION

Within 30 days of this opinion and order, Petitioner must return to state court to exhaust his state court remedies with respect to the unexhausted claims identified in the present motion. Within 45 days of this opinion and order, Petitioner must submit to this Court an affidavit setting forth the date on which he filed a motion for relief from judgment in the state court and the claims raised in that motion. If Petitioner fails to file this affidavit within the time provided, the Court will not stay the present matter, but will instead address Manning's petition as originally filed. Upon receipt of Petitioner's affidavit, the Court will stay this matter and administratively close this case until Petitioner properly exhausts his unexhausted claims. Once Petitioner has exhausted his state court remedies, he must file an amended petition with this Court within 30 days of the final decision by the Michigan Supreme Court, at which point the Court will take up the merits of his petition.

An order consistent with this Opinion will be entered.

Date:  July 26, 2016                                   /s/ Ellen S. Carmody
                                                                   ELLEN S. CARMODY
                                                                   United States Magistrate Judge