UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

LONNIE RICHARD MANNING,

        Petitioner,               Case No. 1:13-cv-1362

v.                                       Honorable Janet T. Neff

CINDI CURTIN,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner Lonnie Richard Manning is incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC) in Ionia County, Michigan. On May 26, 2010, following a three-day jury trial in the Jackson County Circuit Court, Petitioner was convicted of first-degree criminal sexual conduct (CSC-I) in violation of Mich. Comp. Laws § 750.520b. On July 22, 2010, the court sentenced Petitioner to a prison term of 18 to 40 years.

On December 23, 2013, Petitioner filed his initial habeas corpus petition raising five grounds for relief, as follows:

    I.    Defendant was denied his Sixth Amendment right to the effective assistance of counsel when his trial attorney failed to be adequately prepared for trial and impeach prosecution witness[es] with prior testimony, failed to call essential witnesses for the Defendant and failed to call Defendant to take the stand in his own defense.

    II.    It was prosecutorial misconduct to file false charges, causing an[] arrest and imprisonment for a witness to withdraw Fifth Amendment rights to testify against the defendant with a version acceptable to the prosecution in return for dismissal of the charges.

> III. It was abuse of discretion in allowing evidence of alleged dissimilar prior bad acts under MCL 768.27(a) where the prejudice outweighed the probative value of uncharged allegations that occurred more than twenty years prior.
>
> IV. Defendant was denied his Constitutional right to testify at his trial.
>
> V. The trial court's opinion and order following the evidentiary hearing was not reasonable, appropriate or factually based in its finding that defendant had not established his claim of ineffective assistance of trial counsel in a way that would have made a difference in the outcome of his trial and therefore Defendant was entitled to a new trial.

(Pet., ECF No. 1, PageID.8, 11, 15, 18, 21.) Respondent filed an answer to the petition (ECF No. 5) stating that the grounds should be denied because they were procedurally defaulted or without merit.

Petitioner did not present any argument in reply; instead, about 18 months later, Petitioner, with the assistance of his present counsel, moved to stay these proceedings and hold them in abeyance while he presented new issues in the state trial court by way of a motion for relief from judgment. (Mot. to Stay, ECF No. 7.) The Court granted Petitioner's motion to stay. (Op. & Order, ECF Nos. 8, 9.) Petitioner filed a motion for relief from judgment in the trial court during August of 2016.

More than three years passed. On November 27, 2019, Petitioner filed a request to lift the stay. Petitioner presented the Court with four new habeas issues:

> VI. Petitioner's Fourteenth Amendment right to Due Process was violated where the trial court judge has confessed to his involvement in this case when he served as the Prosecuting Attorney resulting in structural error which warrants automatic reversal.
>
> VII. Petitioner was deprived of his right to a fair trial where the trial court judge classified the complainant as an actual "victim" which pierced the veil of judicial impartiality, created presumptions in the prosecution's favor, alleviated the prosecution's burden of proof, and ultimately invaded the province of the jury.

> VIII. Petitioner was constructively deprived of counsel due to trial court counsel's wholesale failure to interview any of the prosecution's civilian, expert, or law enforcement witnesses which amounted to a complete failure to meaningfully investigate and ultimately precluded counsel from subjecting the prosecution's case to meaningful adversarial testing warranting a presumption of prejudice.
>
> IX. Petitioner was deprived of his right to the effective assistance of counsel during the plea bargaining stage of the case where his attorney's deficient performance prevented Petitioner from making a knowing, intelligent, and voluntary decision whether to proceed to trial or accept the favorable plea bargain entitling Petitioner to have the original plea reinstated.

(Pet'r's Suppl. Pet., ECF No. 13, PageID.1394-1395.) Along with the supplemental petition, Petitioner submitted an amended judgment of sentence entered October 29, 2019.[1] (Am. J. of Sentence, ECF No. 13-3, PageID.1402.) Petitioner contends the new judgment reset the statute of limitations clock. Petitioner also filed a motion for summary judgment, based on Issue VI above, arguing that there were no genuine issues of material fact regarding the trial judge's bias and, therefore, his conviction and sentence should be vacated.

Based on Petitioner's submissions, the Court ordered the stay lifted, accepted the supplemental petition for filing, and directed Respondent to answer, or otherwise plead in response to the supplemental petition, within 60 days. (Order, ECF No. 15.) Moreover, the Court concluded that briefing and review of the state court record was required to resolve Issue VI so that resolution of the issue should occur in the normal course of habeas proceedings. (*Id.*) Accordingly, the Court ordered the motion for summary judgment stricken. (*Id.*)

Respondent filed a motion to dismiss the petition for lack of exhaustion. (ECF Nos. 16, 17.) Petitioner responded. (ECF No. 21.) Respondent replied. (ECF No. 22.) Petitioner

---

[1] Although Petitioner does not explain the reason for the new judgment, the judgment was amended to change Petitioner's minimum sentence from 18 years to 25 years. A 25-year minimum sentence is the statutory mandatory minimum sentence for a CSC-I offense committed by an adult against a person younger than 13 years old. Mich. Comp. Laws § 750.520b(2)(b). Thus, it appears that the judgment of sentence was amended so that Petitioner's minimum sentence complied with the statutory mandate.

moved to strike the reply because it was filed late. (ECF No. 23.) The reply was due January 13, 2020. It was filed January 22, 2020. In light of the multiple holidays and intervening weekends, the Court will permit and consider Respondent's late reply. Petitioner's motion to strike (ECF No. 23) will be denied.

Petitioner has filed a number of additional motions: a motion for writ of habeas corpus (ECF No. 25); a motion for evidentiary hearing (ECF No. 26); and a motion for release on bond (ECF No. 27). Respondent has filed a response to each motion. (ECF Nos. 29, 30, 31.) Petitioner has filed a brief replying to all three responses. (ECF No. 35.) Even though reply briefs are not permitted for non-dispositive motions without leave of court, the Court will grant Respondent leave to file his response with respect to the non-dispositive motions and consider Petitioner's reply brief with respect to all three motions.

Petitioner acknowledges that he has not exhausted his state court remedies with respect to the issues raised in his supplemental petition. He argues, however, that this Court should consider the merits despite his failure to exhaust because the significant delay in resolving his claims reveals that state court process is not effective.

The state court, in the meantime, has issued an opinion and order denying Petitioner's motions for post-judgment relief. (Jackson Cty. Cir. Ct. Op. and Order, ECF No. 36, PageID.1777-1797.) Petitioner has not sought leave to appeal the court's order denying his post-judgment motions, nor has he attempted to appeal the new judgment. *See* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx (search by party name "Manning Lonnie," visited May 13, 2020).

This matter is now before the Court on the various motions described above. For the reasons set forth fully below, the Court will grant Respondent's motion to dismiss the petition

without prejudice for failure to exhaust state court remedies (ECF No. 16) and the Court will deny Petitioner's motion to grant supplemental writ of habeas corpus (ECF No. 25), his motion for evidentiary hearing (ECF No. 26), and his motion for release on bond (ECF No. 27).

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to present his supplemental claims to the remaining levels of the state court system. He may seek leave to appeal the trial court's order denying his motions for post-judgment relief in the Michigan Court of Appeals and, if relief is not provided in that court, the Michigan Supreme Court. Therefore, the Court concludes that he has at least one available state remedy.

Petitioner acknowledges that his supplemental claims are unexhausted. (Suppl. Pet., ECF No. 13, PageID.1395) ("[T]hese claims have not been exhausted in state court . . . .").)

5

He contends, however, that the exhaustion requirement should be excused because the state court's inordinate delay in resolving them demonstrates that state court process is ineffective.

The requirement to exhaust is not absolute. A court may grant habeas relief despite lack of exhaustion where: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Petitioner does not and cannot argue that there is an absence of available corrective process in the state courts. As noted above, he may seek leave to appeal the circuit court's order in the state appellate courts. Petitioner argues instead that state process is ineffective to protect Petitioner's rights because of the inordinate delay in resolving Petitioner's post-judgment motions.

In *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992), the Sixth Circuit stated that the exhaustion requirement is founded on the assumption that state remedies are adequate and effective. Where state remedies prove ineffective or inadequate, as may be the case where there is inordinate delay in adjudicating state court claims, "the foundation of the exhaustion requirement is undercut . . . ." *Id*. The panel made clear, however, that the delay in Workman's case was of particular concern because "the state [was] clearly responsible for the delay." *Id*.

The state's responsibility for the delay was also apparent in the more recent case of *Phillips v. White*, 851 F.3d 567 (6th Cir. 2017). In *Phillips*, the Sixth Circuit allowed consideration of—and, indeed, granted habeas relief on—an unexhausted claim that counsel rendered ineffective assistance at sentencing. The court considered the claim even though no state judge had ever decided Phillip's ineffective assistance at sentencing claim. *Id*. at 574. Phillips had moved for post-judgment relief in the state trial court during October of 2002. *Id*. More than three years passed before the trial court granted an evidentiary hearing. The attorney who represented Phillips

during the hearing, however, dropped the ineffective-assistance-at-sentencing claim. *Id*. Nonetheless, the trial judge "felt 'compelled' to authorize relief" on the claim because "'[c]ounsel was completely unprepared for the penalty phase of trial.'" *Id*. Accordingly, the court gave Phillips a month to provide the court the evidence counsel would have presented at sentencing. *Id*. Phillips complied; but, the trial judge never granted relief "most likely because he was indicted for several offenses . . . and sentenced to imprisonment himself[.]" *Id*. Again in *Phillips*, the state was responsible for the six-year delay, a delay that was ended by the federal court's consideration of the claim on the merits rather than the state court's eventual, but belated, resolution of Phillips's claim.

Similarly, in *Turner v. Bagley*, 401 F.3d 718 (6th Cir. 2005), the Sixth Circuit concluded the delay in the state appellate court's resolution of Turner's claims warranted ignoring the exhaustion requirement and considering Turner's claims on their merits. The delay in Turner's case was almost eight years and, again, attributable to the court and appointed defense counsel. The *Turner* panel concluded that "'failures of court-appointed attorneys and delays by the court are attributable to the state.'" *Id*. at 726.

The Court concludes from these authorities that the source of the delay is of some importance is determining whether or not exhaustion should be excused. If the delay is attributable to the state, the delay may evidence that state processes are inadequate or ineffective. If, on the other hand, the delay is attributable to the petitioner, it is possible that the delay is not properly described as inordinate and something more than just delay is required to show that state processes are inadequate or ineffective. Other circuits have more clearly indicated that inordinate delays must be "wholly and completely the fault of the state." *Deters v. Collins*, 985 F.2d 789, 796 (5th Cir. 1993) (citing cases); *see also Edelbacher v. Calderon*, 160 F.3d 582, 586 (9th Cir. 1998)

7

("'[E]xtreme' or "unusual' delays in the state courts can justify a decision to conduct an immediate federal review[; h]owever, those holdings are limited to cases where the delay is attributable to the state rather than to the individual.").

Petitioner's motion for relief from judgment was pending in the Jackson County Circuit Court for seven months and it was fully briefed[2] when Petitioner moved to disqualify Judge McBain, his trial judge. (Resp't's Reply Br., ECF No. 22, PageID.1625-1626.) Judge McBain disqualified himself two months later; but, the case was then reassigned—apparently by Judge McBain—to Judge Thomas Wilson. Petitioner also found Judge Wilson unacceptable, in part because the reassignment was not random, and in part because Judge Wilson had also worked for the prosecutor's office during the time period relevant to matters in Petitioner's case. So, six months after Judge McBain was disqualified, Petitioner moved for "proper reassignment" of the case. In the interim, Petitioner also moved for peremptory reversal.

The circuit court reassigned the case promptly, a mere two weeks after Petitioner's motion seeking that relief. Petitioner then waited nine months before moving to disqualify the new judge, Judge Susan Jordan, because she also had worked in the prosecutor's office during the time period relevant to events presented at Petitioner's trial. Petitioner did not contend that she was actually biased or involved in any way with the events at issue in Petitioner's trial, only that she was in the prosecutor's office. (Mot. Hr'g Tr., ECF No. 28-1, PageID.1678-1703.) Judge Jordan denied the motion less than one month after it was filed. Petitioner then sought review of that order. Review required that the matter be assigned outside of the Jackson County Circuit Court. The Michigan Supreme Court Administrative Office assigned the matter to a judge who,

---

[2] The Court takes the timeline of the post-judgment proceedings from Respondent's reply brief; however, the parties' descriptions of the relevant events are consistent. They differ not in their description of the events, but in who is to blame for the delays. The prosecutor answered the motion approximately 50 days after it was filed. Petitioner replied 83 days later.

ultimately, had to disqualify herself, but that process took several months. The matter was reassigned and then promptly resolved on August 28, 2019. Three months later, Petitioner filed his supplemental petition in this Court. Four months after that, Judge Jordan decided Petitioner's post-judgment motions.

Petitioner claims that all delays were the fault of the state. Respondent claims that all of the delays were the fault of Petitioner. Having reviewed the course of proceedings, the Courts finds that Petitioner has created significant delays; he sat on motions to disqualify judges: Petitioner did not move to disqualify Judge McBain for more than seven months; then, Petitioner did not move to disqualify Judge Jordan for more than nine months after she was assigned. Moreover, Petitioner's dogged pursuit of the motion to disqualify Judge Jordan—an effort of questionable merit—cost him another year. That does not mean the "state" does not share fault. The six-month delay between Judge McBain's disqualification and Judge Jordan's assignment is properly attributable to the state—not solely the Respondent—but the state, including the prosecutor and the courts. The nine months the disqualification motion sat in Judge Lisznyai's hands is also attributable to the state.

The delay in resolving Petitioner's post-judgment motions is troubling; but, because it is in significant part the product of Petitioner's litigation strategy, it does not evidence that state processes are inadequate or ineffective. Accordingly, the Court concludes the delay does not warrant excusing the exhaustion requirement.

Moreover, even if this Court concluded that the delay here was inordinate and wholly attributable to the state, the trial court's intervening ruling on Petitioner's post-judgment motions is a change in circumstances that alters the adequacy and effectiveness of the state court remedies that remain. In *Turner*, the court of appeals, citing decisions from other circuits,

recognized that an intervening decision on the merits by the state court before the federal court decided whether exhaustion was excused would legitimately impact whether or not the state court remedy remaining would be adequate and effective. *Turner*, 401 F.3d at 725 (citing *Carpenter v. Young*, 50 F.3d 869, 871 (10th Cir. 1995) ("On remand, if petitioner's direct criminal appeal has not yet been decided, then the district court should excuse exhaustion . . . ."), and *Schandelmeier v. Cunningham*, 819 F.2d 52, 55 (3d Cir. 1986) ("[R]elief is not warranted here . . . Schandelmeier's post-trial motions have been adjudicated during the pendency of this appeal.")). The Sixth Circuit applied the same principle in *Tinsley v. O'Dea*, No. 97-5419, 1998 WL 124045 (6th Cir. Mar. 12, 1998), stating, "[T]he parties have informed this court that, during the pendency of this appeal, the Lincoln Circuit Court denied Tinsley's motion for post-conviction relief . . . [i]n light of this recent activity, and acting upon the assumption that the Kentucky Court of Appeals will act promptly, we are prepared to conclude that the district court did not err in determining that federal intervention at this time would be premature." *Tinsley*, 1998 WL 124045, at *3. Therefore, in light of the Jackson County Circuit Court's intervening ruling, and with confidence that the Michigan appellate courts will proceed promptly in resolving Petitioner's applications for leave to appeal (if he files them), the Court concludes that effective and adequate state remedies remain.

To properly exhaust his supplemental claims, Petitioner must seek leave to appeal the Jackson County Circuit Court's decision on his post-judgment motions in the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has some claims that are exhausted (the claims in his initial petition) and some that are not (the claims in his supplemental petition), his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). That remedy was employed at Petitioner's request almost four years ago.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's present judgment was entered on October 29, 2019. He did not file a direct appeal of the judgment to either the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted

11

under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had six months, until April 29, 2020, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(G)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, 565 U.S. 134, 152-53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review). Accordingly, absent tolling, Petitioner would have one year, until April 29, 2021, in which to file his habeas petition.

Petitioner's case, however, is in an unusual procedural posture because a new judgment was issued while a motion for relief from the initial judgment was pending. The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

Because the issues raised in the motion for relief from judgment relate to the new judgment as they related to the old judgment, the Court concludes that the statute of limitations

12

with regard to the new judgment is tolled by his motion for relief from judgment. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him.

In the circumstance where a motion for post-conviction relief has not yet been filed, the *Palmer* Court indicated that thirty days would be a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days would be a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). Petitioner has more than sixty days remaining in his limitations period. Indeed, he has the entire period of limitation remaining. Assuming that Petitioner diligently pursues his state-court remedies and then returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted and the Court will dismiss the petition for failure to exhaust available state-court remedies. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is properly dismissed for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*. I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will grant Respondent's motion to dismiss for lack of exhaustion (ECF No. 16), dismiss the petition without prejudice, deny a certificate of appealability, and certify that an appeal would not be taken in good faith. Dismissal of the petition moots Petitioner's motion to grant supplemental writ of habeas corpus (ECF No. 25), Petitioner's motion for an evidentiary hearing (ECF No. 26), and Petitioner's motion for release on bond (ECF No. 27). Moreover, as explained above, the Court will deny Petitioner's motion to strike Respondent's reply brief (ECF No. 23). The Court will enter an order and judgment accordingly.

Dated:   May 15, 2020                          /s/ Janet T. Neff
                                                                     Janet T. Neff
                                                                     United States District Judge